■ In the Matter of DORIS TILMONT, Appellant, v CITY OF MIDDLETOWN et al., Respondents. [657 NYS2d 952] —In a proceeding, *inter alia*, pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Middletown dated October 26, 1994, which, after a hearing, determined that the use of the subject premises as a boarding house was not a nonconforming use, the petitioner appeals from a judgment of the Supreme Court, Orange County (Smith, J.), dated January 3, 1996, which dismissed the petitioner's Federal claim brought under 42 USC § 1983, denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Zoning Board of Appeals of the City of Middletown (hereinafter the Zoning Board of Appeals) did not deny her application for a certificate of nonconforming use because they found that she had abandoned a nonconforming use. Review of the record makes clear that the Zoning Board of Appeals denied the petitioner's application because it determined that her residence had never been used as a boarding house prior to the enactment of the Zoning Ordinance of the City of Middletown in 1967 which had restricted her area to single family residences. Accordingly, the petitioner's use of her residence as a boarding house was never a nonconforming use which could have been abandoned.

In addition, we find that the determination of the Zoning Board of Appeals is supported by substantial evidence (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222).

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.